UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARIE A. SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER M. ALSTON, et al.,<br><br>    Defendants. | CASE NO. 2:23-CV-01076-LK<br><br>ORDER DENYING RULE 65.1 MOTION |

This matter comes before the Court on pro se Plaintiff Karie Simmons's "Rule 65.1 Application." Dkt. No. 1. The motion is denied.

## I.   BACKGROUND

Ms. Simmons's motion is difficult to understand, but it appears to be twofold. On one hand, she appears to collaterally attack her ongoing bankruptcy proceedings. *See* Dkt. No. 1 at 5–6 (listing bankruptcy case numbers and seeking to quiet title to property in Bothell); Dkt. No. 1-1 at 1–13 (docket excerpts in bankruptcy and adversary proceedings); *id.* at 23–24 (discussing a 2008 discharge order, a deed of trust, a foreclosure sale, and the bankruptcy proceedings). Ms. Simmons contends that Judge Alston, the Clerk of the Bankruptcy Court, and the creditors' attorneys are

ORDER DENYING RULE 65.1 MOTION - 1

engaged in "an obvious conspiracy" and "refuse to recognize[] a good standing federal court order issued in 2008" and "Washington statutes" that allegedly "limit execution on claims against property[.]" Dkt. No. 1 at 2–3. She argues that none of the creditors have appeared in the bankruptcy action and that their attorneys are not authorized to appear and "speak for and bind" them. *Id.* at 4; *see also id.* at 5 ("There are no creditors present in the bankruptcy hearings, attorneys are speaking on their own hearsay. Anything said by the attorneys is stated on their own, without having an appointment by the real party in interest.").

On the other hand, however, Ms. Simmons aims to enforce a bond under Federal Rule of Civil Procedure 65.1. The bond she wishes to enforce is a "contract" she allegedly "purchased" from the federal government. *Id.* at 4; *see also, e.g.*, Dkt. No. 1-1 at 16; *id.* at 23 ("My contract with the United States is my security for civil action proceedings[.]"). Attached to Ms. Simmons's motion is a declaration in which she sets forth the terms of this alleged contract. Dkt. No. 1-1 at 15–20 ("Duly Sworn Declaration of Contract"). Although the Court need not exhaustively recount those terms, the purported contract is one for "honest judicial services" secured by the "personal Fidelity Bonds" of "public servants"—here, the named defendants. *Id.* at 16; *see also* Dkt. No. 1 at 7 ("The personal promise, pledge, required of every public servant, results in personal surety under the signature, endorsement, of both the employment contract and paycheck for services."). Ms. Simmons seeks to enforce these "surety obligations." *Id.* at 6 ("The required security recognized in [Rule] 65.1 is the essential protection from the law and its honest application and administration by all public servants."); *see also id.* at 5 (demanding "[e]xecution of Rule 65.1").

## II.   DISCUSSION

The Court begins with some context. A party may generally stay enforcement of an adverse judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(b). The purpose of a supersedeas bond is to protect the appellees from the risk of a later uncollectible judgment, and

compensate them for any loss resulting from the stay of execution. *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam). In such situations, the prevailing party may "on motion" and "without an independent action" enforce the bond against the security provider. Fed. R. Civ. P. 65.1.[1] Courts have accordingly described Rule 65.1 as a summary enforcement mechanism for bonds posted under Rule 62. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 311–12 (1995); *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1054–55 (9th Cir. 2000). "To collect on a supersedeas bond under Federal Rule of Civil Procedure 65.1, a party must show that: (1) the supersedeas bond consists of sureties as contemplated under Rule 65.1; and (2) the appellate court has entered a final judgment in the prevailing party's favor and issued its mandate." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, No. CV19-04352-R(PLAx), 2021 WL 10373022, at *1 (C.D. Cal. Sept. 15, 2022) (collecting cases).

There are several problems with Ms. Simmons's motion. Not one of the named defendants is a surety. Nor did any of them issue a Rule 62 supersedeas bond in the underlying bankruptcy proceedings. *See Martin v. Arrow Elecs.*, No. SACV04-1134-JVS (FMOx), 2010 WL 11628650, at *2 (C.D. Cal. Mar. 3, 2010) (a Rule 65.1 motion is against a surety). The "personal Fidelity Bonds" Ms. Simmons points to as securing her right to "honest judicial services" do not fall within Rule 65.1's scope. *See* Fed. R. Civ. P. 65.1. Finally, Ms. Simmons has not prevailed in the bankruptcy proceedings and no appellate court has entered a final judgment in her favor.

To the extent Ms. Simmons seeks other relief (e.g., her challenges to the underlying bankruptcy proceedings, attempt to quiet title, and demand for money damages), her motion exceeds the scope of Rule 65.1 and is denied. Rule 65.1 is a narrow shortcut for enforcing a

---

[1] Rule 65.1 permits the moving party to serve the Clerk of Court with "[t]he motion and any notice that the court orders," and the Clerk "must promptly send a copy of each to every security provider whose address is known." Ms. Simmons demands that the Clerk "serv[e] all defendants at the addresses identified in the court records under case nos. 23-10399, 23-01033, [and] 23-1104." Dkt. No. 1 at 5. This request is denied for the reasons discussed below.

supersedeas bond against the issuing surety—not a vehicle for streamlining a civil action or circumventing Rules 3, 4, and 8. Ms. Simmons has not filed a viable complaint in this matter, and the Court cannot address a motion premised on a nonexistent complaint with nonexistent claims for relief. *See Frick v. Dy*, No. C22-801-JHC-MLP, 2022 WL 4348567, at *1 (W.D. Wash. Aug. 23, 2022) (plaintiff's TRO motion was not properly before the court because he had not filed an operative complaint); *Bolton v. Washington*, No. C12-5658-BHS/KLS, 2013 WL 1163938, at *2 (W.D. Wash. Feb. 15, 2013) (declining to rule on motions because plaintiff had not filed a viable complaint). These deficiencies cannot be cured by amendment.

### III.  CONCLUSION

The Court therefore DENIES Ms. Simmons's Rule 65.1 Application. Dkt. No. 1. The clerk is directed to close this matter.

Dated this 24th day of July, 2023.

*[signature: Lauren King]*

Lauren King
United States District Judge